UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL CASE NO. 15-217-WOB-CJS

BRACK LEE LEDFORD                                                                                  PLAINTIFF

v.                              **REPORT AND RECOMMENDATION**

CAROLYN W. COLVIN, Acting
**Commissioner of Social Security**                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Plaintiff Brack Lee Ledford brings this action under 42 U.S.C. § 405(g) challenging Defendant Commissioner's final decision denying his application for benefits under Title II and Title XVI of the Social Security Act.[1] This matter has been referred to the undersigned for preparation of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore not entitled to benefits. After a thorough review of the administrative record, for the reasons explained below it will be **recommended** that the Commissioner's Motion for Summary Judgment (R. 14) be **denied,** Plaintiff's Motion for Summary Judgment (R. 13) be **granted**, and the matter be **remanded** for further proceedings.

**I.     STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS**

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v.*

---

[1] The right to court review of the Commissioner's final determination of a claim under Title XVI is provided in 42 U.S.C. § 1383(c)(3), which references § 405(g).

*Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id*. (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached. *Id.* (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that he is disabled within the meaning of the Social Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Social Security Act requires the Commissioner to follow a five-step analysis when making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that he is not currently engaged in "substantial gainful activity." *Vance*, 260 F. App'x at 803 (citing 20 C.F.R. §§ 404.1520(b), 416.920(b)). Second, if the claimant is not engaged in substantial gainful

2

activity, he must demonstrate that he suffers from a severe impairment. *Id*. at 803-04. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at 804 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment located at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id*. (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). Fourth, the claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. *Id*. Lastly, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work that exists in the national economy. *Id*. (citing *Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing he is disabled, but the Commissioner bears the burden of establishing the claimant can perform other work existing in the national economy. *Id*. (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Ledford's alleged disability began on April 2, 2009, when he was 44 years old.[2] (Administrative Record (A.R.) 281). Plaintiff has a General Equivalency Diploma, and he has prior relevant work experience as a theater/control panel operator, maintenance worker and materials handler. (*Id*. at 68-69, 282). The record reflects that Plaintiff injured his back while lifting a 55-pound bag of feed at work.[3] (*Id*. at 337-45; 346). He sought medical treatment, and was placed on

---

[2]In his original applications, Plaintiff stated he continued to work with modifications from April 2, 2009, until June 11, 2009. (A.R. 281). However, this time period was determined to be an unsuccessful work attempt, and his alleged onset date is considered to be April 2, 2009. (A.R. 23, 244).

[3]Because Plaintiff is only challenging the ALJ's findings with respect to his physical impairment, the Court will not discuss the ALJ's findings with regard to Plaintiff's depression.

3

work restrictions that he not lift more than 15 to 20 pounds and not engage in repetitive bending or twisting.  (A.R. 357, 360, 372).

On April 7, 2009, Plaintiff had an x-ray of his lumbar spine that demonstrated mild degenerative changes, but was otherwise negative.  (*Id*. at 332).  On April 30, 2009, Plaintiff had a lumbar MRI that showed mild degenerative disc disease at L4-L5 and L5-S1.[4]  (*Id*. 331, 352, 362).  Plaintiff attended physical therapy from June 2009 through December 2009.  (*Id*. 433-507).  In August 2009, he was referred to Central Kentucky Spine Surgery where he saw various providers, including Dr. Knetsche.  (*Id*. at 379-433, 508-35).

Dr. Knetsche treated Defendant conservatively, but ultimately recommended a laminectomy because Plaintiff had exhausted all non-surgical treatments including: rest, activity modification, physical therapy, chiropractic treatment, and drug therapy, including injections.  (*Id*. at 415, 524).  Plaintiff scheduled the surgery, but it was canceled when the workers' compensation insurance carrier refused to pay for it.  (*Id*. at 516-19).  After the surgery was canceled, Plaintiff continued seeing providers at Central Kentucky Spine Surgery for his back pain, and received injections and drug therapy for pain relief.  (*Id*. at 419-32, 508-19, 570-76, 605-634).

Plaintiff pursued a workers' compensation claim.  In connection with his claim, Plaintiff was examined by Drs. Tutt and Vaughan, who both rendered reports that the ALJ in this Social Security matter gave significant weight.  Dr. Tutt found Plaintiff's complaints were not due to his work-related injury, but his lumbar degenerative changes.  (*Id*. at 337-45).  Dr. Vaughan noted Plaintiff

---

[4]On March 25, 2010, Plaintiff had a second MRI of the lumbar spine that reported, in part, "T2 sagittal lumbosacral imaging shows moderate to severe degenerative disc disease and spondylosis at L4 through S1 and small posterior annular tear at L4-L5." The impression was stated as "[d]isk degeneration, spondylosis with mild relative bilateral lateral recess neural foraminal encroachment at L4 through S1, mild levoscoliosis, not central canal stenosis."  (A.R. 353-54).

had tenderness over his lower back, a restricted range of motion in his back, and pain with straight-leg raising. (*Id*. at 346). Dr. Vaughan stated Plaintiff required permanent restrictions not to lift more than 25 pounds (lifting 25 pounds only infrequently), alternate between sitting and standing as needed (meaning at will, *see id.* at 569), and avoid repetitive bending and twisting of the waist (*id*. at 346-47, 569). The workers' compensation insurance carrier disputed Plaintiff's continuing complaints were a result of the work incident, and it ultimately settled the claim, paying Plaintiff $113.00 every two weeks. (A.R. at 45, 337-45).

In March 2012, Plaintiff filed applications for disability insurance benefits and supplemental security income, asserting that his ability to work is limited by degenerative disc disease, back injury and depression. (*Id*. at 211-20, 281). In connection with his claims, Plaintiff was examined by Dr. Nold, who stated Plaintiff continues to have low back pain and it would be difficult for him to bend and lift items over 25 to 30 pounds at most. (*Id.* at 544-50). These claims were denied initially and again upon reconsideration. (*Id*. at 146-49; 155-60). At Plaintiff's request, a hearing was held in front of Administrative Law Judge (ALJ) Bonnie Kittinger on October 21, 2013. (*Id*. at 40-74). Plaintiff appeared and testified at the hearing. (*Id.*). The ALJ also heard testimony from an impartial vocational expert (VE). (*Id.* at 130-34). After receiving testimony and reviewing the record, the ALJ issued a written decision on December 9, 2013, finding Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 21-34).

The ALJ used the five-step sequential process to determine that Plaintiff was not disabled. (*Id*. at 23-34). *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful employment since April 2, 2009–the alleged onset

5

date of his disability.[5] (A.R. 23). At step two, the ALJ determined that Plaintiff had the severe impairment of degenerative disc disease and depression. (*Id*.). The ALJ found Plaintiff's chronic obstructive pulmonary disease and hypertension were nonsevere impairments. (*Id*. at 24).

At step three, the ALJ found that Plaintiff did not have an impairment that meets or equals the level of severity set forth in any of the Listing of Impairments under the applicable Federal Regulation, and she specifically referenced her consideration of Listing 12.04. (*Id*. at 24-25). At step four, the ALJ determined that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Claimant is limited to no more than frequent climbing of ramps and stairs, frequent stooping, kneeling, crouching, and crawling: he should never climb ladders, ropes or scaffolds: should avoid concentrated exposure to vibration and pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation: and he should avoid hazards such as dangerous machinery and unprotected heights. Claimant is further limited to occupations that do not require more than the ability to understand and remember simple and detailed instructions and procedures, and to sustain attention, concentration and pace for simple tasks for two hour segments throughout an eight-hour day for a full workweek. He is able to interact with supervisors and coworkers sufficiently for task completion and able to interact with the public on an occasional basis. He is able to adapt to work demands and situational changes in this type of work setting with reasonable support. He should be allowed to alternate sitting and standing at 30-60 minute intervals.

(A.R. at 25).

At the hearing, the ALJ heard testimony from an impartial VE who stated that, based on the RFC provided above, Plaintiff could not perform his past relevant work. (A.R. at 70). At step five, the ALJ adopted the VE's opinion that given an individual of Plaintiff's age, education, work experience, and RFC cited above, there are jobs that exist in significant numbers in the national economy that such an individual can perform, including representative occupations like: simple

---

[5]The ALJ also found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014. (A.R. 23).

packaging and sorting jobs; simple weighing, measuring, checking, and inspecting jobs; and simple bench assembly jobs. (*Id.* at 33, 71). Accordingly, the ALJ concluded that Plaintiff was not "disabled" for social security purposes. (*Id.* at 34).

Plaintiff appealed the ALJ's decision to the Social Security Appeals Council. (A.R. 14-17). On June 2, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's December 9, 2013, decision denying Plaintiff benefits the final decision of the Commissioner. (*Id.* at 1-6).

On July 29, 2015, having exhausted his administrative remedies, Plaintiff timely filed a Complaint asserting that the ALJ's decision was not supported by substantial evidence and applied an erroneous standard of law. (R. 1). Plaintiff has filed a Motion for Summary Judgment, arguing that the ALJ erred by: 1) crediting Dr. Vaughan's medical opinion with significant weight, but did not provide any explanation for failing to incorporate in the RFC the limitation that Plaintiff must be able to alternate sitting and standing at will; and 2) finding Plaintiff only partially credible with respect to his claims regarding the severity of his symptoms and limitations, arguing the ALJ ignored record evidence that bolstered Plaintiff's credibility and provided objective evidence that supported his statements of severity and limitations. (R. 13-1).

### III. ANALYSIS

**A. The ALJ's failure to articulate why he was not incorporating Dr. Vaughan's opinion that Plaintiff must be able to alternate sitting and standing at will requires remand.**

Plaintiff argues that the ALJ erred in failing to explain why, despite giving Dr. Vaughan's opinion significant weight, she did not include in the RFC determination the limitation that Plaintiff must be able to alternate sitting and standing at will. (R. 13-1, at 12-13). The Commissioner argues

7

that because the ALJ gave Dr. Vaughan's opinion significant weight and not controlling weight, the ALJ was not required to adopt all contours of Dr. Vaughan's opinion. The Commissioner further argues that "the ALJ adequately captured the essence of Dr. Vaughan's opinion," by allowing for the ability to alternate between sitting and standing at 30 to 60 minute intervals and characterizes Plaintiff's argument as "hyper-technical." (R. 14, at 9). The Court disagrees.

Dr. Vaughan examined Plaintiff in his workers' compensation claim. (A.R. at 346-51). In Dr. Vaughan's April 26, 2010, report, he provided the opinion that Plaintiff should have the following work restrictions: no lifting greater than 25 pounds; alternate between sitting and standing as needed; and avoid repetitive bending and twisting of the lower back. (*Id.* at 350). On June 18, 2012, Plaintiff's counsel submitted written questions to Dr. Vaughan to clarify his opinion regarding Plaintiff's work restrictions for purposes of his Social Security claim. (*Id*. at 569). Counsel asked, "[d]oes [Plaintiff's] need to alternate between sitting and standing as needed mean he needs the ability to change positions at will?"[6] (*Id*.). Dr. Vaughan responded: "yes." (*Id*.).

The ALJ accorded Dr. Vaughan's opinion significant weight. (*Id*. at 32). In her decision, the ALJ noted that Dr. Vaughan completed a Treating Source Statement on June 18, 2012, providing that Plaintiff "would need to alternate between sitting and standing and he could infrequently lift twenty-five pounds." Later in her decision, the ALJ recited from Dr. Vaughan's 2010 report, stating Plaintiff required the ability to alternate sitting and standing as needed. The ALJ, however, did not acknowledge Dr. Vaughan's 2012 statement that clarified Plaintiff must be able to alternate sitting and standing "at will." It is not clear from her decision whether she simply inadvertently overlooked

---

[6]Dr. Vaughan also provided a clarifying opinion that Plaintiff should lift 25 pounds only infrequently–meaning less than one-third of an 8-hour day. (A.R. 569).

8

Dr. Vaughan's clarification on this point or if she rejected this limitation after weighing the record evidence.

While the Commissioner argues the ALJ's opinion captured "the essence" of Dr. Vaughan's opinion, the testimony of the VE explains the significance between a finding that Plaintiff requires the ability to shift positions at will versus at 30 to 60 minute intervals. Specifically, the VE testified, in part:

> Q. If the individual described in hypothetical number two needed to alternate sitting and standing every 30 to 60 minutes, would those jobs still be available?
>
> A. They, they would, you[r] honor. Most of the jobs can either be performed at a bench table, desk, or work station, and performed at either sitting or standing. At that level of every 30 minutes to one hour, that would still allow the individual to perform light jobs.
>
> . . .
>
> Q. If the individual needed to alternate sitting and standing every 15 to 20 minutes, could he still do those jobs?
>
> A. No, your honor, because [at] that frequency of – for three or four times per hour, the individual's going to be more concentrated on alternating positions than really the task at hand. So it would preclude all of those light jobs I listed.

(A.R. 71-72). Further, upon questioning by counsel, the VE confirmed that if the hypothetical individual described required the ability to alternate positions every 15 to 20 minutes, such restriction would preclude even sedentary work. (*Id.* at 73).

This testimony demonstrates the importance of the issue at hand. "At will" is defined as "[s]ubject to one's discretion; as one wishes or chooses." *Black's Law Dictionary* 149 (9th ed. 2009). Thus, Dr. Vaughan's opinion limits Plaintiff to positions where he can sit or stand whenever he wants to do so. Therefore, the ability to alternate positions at will is more restrictive than a

9

limitation permitting the changing of positions every 30 to 60 minutes. In fact, Plaintiff testified that he needs to alternate between sitting and standing/walking every 15 to 20 minutes. (A.R. 49). And as the VE opined, a finding that Plaintiff requires the ability to alternate from sitting to standing at 15 to 20 minute intervals, which would be permitted with an "at will" limitation, instead of every 30-60 minutes as stated in the ALJ's decision, would eliminate all positions identified by the VE. (A.R. at 71-72).

Although "an ALJ need only accept those limitations he or she finds credible, *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993), the ALJ must meaningfully explain why certain limitations are not included in the RFC determination--especially when such limitations are set forth in opinions the ALJ weighs favorably." *Marshall v. Comm'r of Soc. Sec.*, No. 3:14-cv-465, 2015 WL 7273113, at *6 (S.D. Ohio Nov. 17, 2015), *adopted by* 2015 WL 8682785, at *1 (S.D. Ohio Dec. 11, 2015) (remanding where ALJ gave opinions significant weight, but failed to explain why certain limitations were not included in the RFC finding) (citing *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"); *Stoddard v. Comm'r of Soc. Sec.*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010), *adopted by* 2010 WL 3724144 (E.D. Tenn. Sept. 15, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 13-1147-SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions")); *see also Moore v. Comm'r of Soc. Sec.,* No. 2:14-cv-455, 2015

WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015) ("the ALJ's failure to explain why he did not adopt the limitations of medical sources to whose opinions he afforded "significant" weight constitutes a reversible error"); *Sullivan v. Comm'r of Soc. Sec.,* No. 1:14-cv-344, 2015 WL 667940, at *1 (N.D. Ohio Feb. 17, 2015) (remanded where gave favorable weight to opinion evidence but did not explain why she did not adopt certain limitations in those opinions)*; O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-cv-125, 2015 WL 6889607, at *5 (S.D. Ohio July 30, 2015), *adopted by* 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015) (finding reversible error where ALJ failed to explain why limitations opined by medical sources given favorable weight were not contained in the RFC finding); *Stoddard*, 2010 WL 3723924 (same).

Accordingly, because Dr. Vaughan's opinion contained the limitation that Plaintiff be permitted to alternate sitting and standing at will, the ALJ was required to explain why the limitation was not adopted. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *see also Middaugh v. Comm'r of Soc. Sec.*, No. 1:13-cv-01856, 2014 WL 2772568, at *5 (N.D. Ohio June 18, 2014) (remanding because the ALJ failed to mention treating physician's limitation for an at will sit/stand option, which deprived the court of the ability to conduct a meaningful review); *Moretti v. Comm'r of Soc. Sec.*, No. 4:13-cv-01344, 2014 WL 37750, at **10-11 (N.D. Ohio Jan. 6, 2014) (remanding where the ALJ failed to explain why she omitted a limitation assigned to plaintiff by the state consultant) (citing SSR 96-8p). The ALJ's decision lacks any explanation as to why she did not include the more restrictive limitation opined by Dr. Vaughan and leaves the Court unable to conduct a meaningful review to determine whether the decision is supported by substantial evidence. Accordingly, remand will be recommended.

11

**B. The ALJ should re-evaluate Plaintiff's subjective symptoms in light of SSR 16-3p.**

Plaintiff also makes several arguments on why the ALJ erred in her determination that Plaintiff was only partially credible as to his statements regarding the severity of his impairment and his resulting limitations. (R. 13, at 8-12). Because remand is necessary for the above reason, the Court need not consider at this time the remaining errors claimed by Plaintiff.

The Court notes, however, that since the ALJ's decision in this case, the Social Security Administration has issued new guidance on how it evaluates the effects of a claimant's claimed symptoms, including pain. *See* SSR 16-3p, 2016 WL 1119029 (effective March 28, 2016). The new ruling eliminates the term "credibility" from the SSA's sub-regulatory policies to "clarify that subjective symptom evaluation is not an examination of the individual's character." *Id*. at *1.

On remand, the ALJ should re-evaluate Plaintiff's subjective symptoms in light of SSR 16-3p, and specifically consider the objective findings on physical examination of Drs. Nold, Knetsche and Vaughan, as well as the other evidence of record, in evaluating the intensity and limiting effects of Plaintiff's symptoms. *See* SSR 16-3p ("we recognize that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence. In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.).

**IV.     CONCLUSION**

As explained above, the ALJ's failure to either incorporate the limitation provided by Dr. Vaughan that Plaintiff requires the ability to alternate sitting and standing at will or explain her rejection of that limitation requires remand. Accordingly,

**IT IS RECOMMENDED** that:

1.   The Commissioner's decision be found not to be supported by substantial evidence and therefore **reversed**;

2.   Plaintiff's Motion for Summary Judgment (R. 13) to remand this matter be **granted**;

3.   Defendant's Motion for Summary Judgment (R. 14) be **denied**; and,

4.   Judgment be entered **reversing** the Commissioner's Decision and **remanding** the matter under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendation.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 21st day of June, 2016.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\social security\15-217 Ledford R&R final.wpd